## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7283 | **DATE** | 1/23/2008 |
| **CASE TITLE** | Larson vs. PEAK6 Investments LP, et al | | |

**DOCKET ENTRY TEXT**

For the foregoing reasons, we deny Larson's application to proceed *in forma pauperis* (Doc. No. 4) and motion for appointment of counsel (Doc. No. 5) without prejudice. It is so ordered. A status hearing is set for 2/21/08 at 10:30 a.m. The plaintiff is to notify the defendants of the status date.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

(Reserved for use by the Court)

### ORDER

Plaintiff Robert J. Larson filed an application to proceed *in forma pauperis* and a motion for appointment of counsel for his complaint, which alleges violations of the Age Discrimination in Employment Act of 1967. Before granting leave to file *in forma pauperis*, we must first determine whether Larson is indigent. 28 U.S.C. § 1915(a)(1). We also review Larson's complaint and dismiss it if we find that: (1) it is frivolous or malicious; (2) it fails to state a claim under Rule 12(b)(6); or (3) it seeks damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii). Pursuant to Rule 12(b)(6), we dismiss the complaint only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Because Larson proceeds *pro se*, we have a special responsibility to construe the complaint liberally. *See Donaldson v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). After examining the allegations of Larson's complaint, we conclude that it sufficiently states certain claims of discrimination to withstand this stage of review.

With regard to his allegation of poverty, Larson submitted a financial affidavit, which states that he currently receives $55.00 per hour as a temporary employee at Redsky Financial LLC, he owns $300.00 worth of Disney stock, and his wife and daughter are dependent upon him for support. Larson, however, has failed to provide us with information regarding the number of hours he works per week. Instead, his complaint simply states that he is earning less than what he was making when employed at Options House/PEAK6 ("Defendant"), where he was earning $120,000 per year. Assuming that he works full time at Redsky Financial LLC, his annual income would place him above the $17,170 poverty threshold for a three-person household. (*See* Health and Human Services 2007 Poverty Guidelines). Accordingly, we deny Parson's *in forma pauperis* application without prejudice.

As he has not established indigence, we also deny Parson's motion for appointment of counsel. In addition, Parson's motion does not demonstrate that he exhausted the search for counsel. In order for this court

**STATEMENT**

to grant a motion for appointment of counsel, the litigant must: (1) make a reasonable attempt to obtain private counsel, *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995), and (2) appear incapable of proceeding without representation, *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). We typically require a litigant to submit documentation that demonstrates the refusal of various attorneys to accept the case. Larson, however, did not support his motion by attaching copies of any solicitation letters or other documentation. *See Benford v. Cahill-Masching*, No. 03 C 2643, 2003 WL 22669036, at *1 (N.D. Ill. Nov. 10, 2003). He claims to have contacted one legal aid organization, but we do not believe this meager effort is reasonable under the circumstances. Thus, he has not made the threshold showing for appointment of counsel. Finally, the legal issues raised by his claims do not appear so complex or intricate that a trained attorney is necessary at this early stage. Plaintiffs in employment cases are often able to secure counsel on a contingency basis or for a modest fee, and we encourage Larson to continue searching for a lawyer.

For the foregoing reasons, we deny Larson's application to proceed *in forma pauperis* and motion for appointment of counsel without prejudice. It is so ordered.