IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT J. LARSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 07-CV-7283 |
| ) | |
| PEAK6 INVESTMENTS, LP, ARTHUR ) | Judge Marvin E. Aspen |
| JOHN HASS, III, NANCY MCKINNEY AND ) | |
| DANIEL MAX ROSENTHAL, ) | |
| ) | |
| Defendants. ) | |

## INDIVIDUAL DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants Arthur John Hass, III, Nancy McKinney and Daniel Rosenthal, through their attorneys Franczek Sullivan P.C. and pursuant to Federal Rule of Civil Procedure 12(b)(6), move to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. In support of their Motion, Defendants state:

1. Rosenthal and Hass are employed by Options House, a subsidiary of Defendant PEAK6 Investments, LP, as its Co-Chief Executive Officers. McKinney is employed by PEAK6 Investments as its Director of Human Resources.

2. On December 28, 2007, Plaintiff Robert Larson filed a Complaint alleging that Options House/PEAK6, his former employer, subjected him to age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (the "ADEA"). Plaintiff's Complaint also named Hass, McKinney and Rosenthal as individual defendants.

3. It is well-settled that there is no basis for individual liability under the ADEA because an individual does not constitute an "employer" for purposes of the statute. See e.g., Horwitz v. Bd. Of Educ., 260 F.3d 602, 610 n.2 (7th Cir. 2001) (noting there is no individual

liability under the ADEA); Cheng v. Benson, 358 F. Supp. 2d 696, 700 (N.D. Ill. 2005) ("there is no individual or supervisor liability under the ADEA"); Whitchurch v. Apache Prods. Co., 916 F. Supp. 809, 812 (N.D. Ill. 1996) (because individuals do not meet the definition of an "employer" for purposes of the ADEA, they "cannot be held liable for discrimination claims brought pursuant to [the statute]").

4. Because there is no basis for individual liability under the ADEA, Plaintiff's Complaint fails to state claims against Hass, McKinney or Rosenthal upon which relief can be granted. Accordingly, Plaintiff's claims against Hass, McKinney and Rosenthal must be dismissed in their entirety pursuant to Fed. R. Civ. P. 12(b)(6).

WHEREFORE, Defendants Arthur John Hass, III, Nancy McKinney and Daniel Max Rosenthal respectfully request that the Court dismiss with prejudice Plaintiff's Complaint against them.

Respectfully submitted,

ARTHUR JOHN HASS, III, NANCY MCKINNEY and DANIEL MAX ROSENTHAL

s/Thomas J. Posey
        One of Their Attorneys

Sally J. Scott (A.R.D.C. #06204350)
Thomas J. Posey (A.R.D.C. #06280886)
Franczek Sullivan P.C.
300 South Wacker Drive, Suite 3400
Chicago, Illinois 60606
(312) 986-0300
sjs@franczek.com
tjp@franczek.com
Dated: March 6, 2008

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 6, 2008, I electronically filed the foregoing **INDIVIDUAL DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT** with the Clerk of the Court using the CM/ECF system and sent notification of such filing to the party listed below by depositing a true and correct copy of same, postage prepaid, in the U.S. Mail chute at 300 South Wacker Drive, Chicago, Illinois, prior to 5:00 p.m. on this 6th day of March, 2008:

                Mr. Robert J. Larson
                5334 North Kenmore
                Apartment No. 1N
                Chicago, Illinois 60640

                s/Thomas J. Posey
                      Thomas J. Posey

Sally J. Scott (A.R.D.C. #06204350)
Thomas J. Posey (A.R.D.C. #06280886)
Franczek Sullivan P.C.
300 South Wacker Drive, Suite 3400
Chicago, Illinois 60606
(312) 986-0300
sjs@franczek.com
tjp@franczek.com
Dated: March 6, 2008

370906.1