## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7283 | **DATE** | 4/30/2008 |
| **CASE TITLE** | Larson vs. PEAK6 Investments LP, et al | | |

**DOCKET ENTRY TEXT**

 The Individual Defendants filed the present motion to dismiss (19) under Federal Rule of Civil Procedure 12(b)(6), arguing that they cannot be held individually liable under the ADEA.  For the reasons set forth below, we grant the motion and dismiss this matter with respect to the Individual Defendants, without prejudice.  It is so ordered. The ruling date set for 5/22/08 is stricken. A status hearing is set for 6/3/08 at 10:30 a.m.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

(Reserved for use by the Court)

### ORDER

   Plaintiff Robert J. Larson filed this lawsuit against his former employer, Peak6 Investments, LP ("Peak6"), alleging violations of the Age Discrimination in Employment Act of 1967 ("ADEA"). Larson also named three individuals as defendants: Arthur John Hass, III, Nancy McKinney and Daniel Max Rosenthal (collectively, "Individual Defendants").  As Larson has acknowledged, Hass and Rosenthal are the Co-Chief Executive Officers of Options House, a subsidiary of Peak6. (Compl. ¶ 3; Mot. ¶ 1; Resp. at 1.)  McKinney is the Director of Human Resources at Peak6. (Compl. ¶ 3.)  The Individual Defendants filed the present motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that they cannot be held individually liable under the ADEA.

   The purpose of a motion to dismiss under 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case.  *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).  Accordingly, we dismiss the case only if a complaint lacks "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007); *see Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618-19 (7th Cir. 2007); *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007).  Because Larson proceeds *pro se*, we have a special responsibility to construe the complaint liberally.  *See Donaldson v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996).

   Nonetheless, the Individual Defendants are correct that Larson's claims against them fail as a matter of law.  "[T]here is no individual, or supervisor, liability under the ADEA." *Cheng v. Benson*, 358 F. Supp. 2d 696, 700 (N.D. Ill. 2005); *see Horwitz v. Bd. of Educ. of Avoca Sch. Dist. No. 37*, 260 F.3d 602, 610 n.2 (7th Cir.

**STATEMENT**

2001); *EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1281-82 & n.10 (7th Cir. 1995); *Whitchurch v. Apache Prods. Co.*, 916 F. Supp. 809, 812 (N.D. Ill. 1996). Indeed, the Seventh Circuit has held "that individuals who do not otherwise meet the statutory definition of 'employer' cannot be liable" under the ADEA. *AIC Sec. Investigations, Ltd.*, 55 F.3d at 1282 & n.10 (addressing this question directly with respect to the Americans with Disabilities Act and noting that similar questions under Title VII and the ADEA are thus resolved); *see Horwitz*, 260 F.3d at 610 n.2 (commenting on the court's prior suggestion "that there is no individual liability under the ADEA"). Larson's *pro se* complaint and its exhibits describe in detail his concerns about Peak6's alleged negative responses whenever he informed management of compliance issues, including efforts to exclude him from the decision-making process in his department. He alleges discriminatory treatment, particularly by Rosenthal, and claims that McKinney failed to conduct a proper investigation when he complained of this perceived discrimination. He alleges that he was denied his bonus, that Peak6 terminated him to avoid paying certain medical expenses, and that Rosenthal "bad-mouthed" him to a potential employer, impairing his ability to get a new job. Despite the detail of his complaint, however, Larson has not alleged that the Individual Defendants would qualify as "employers" under the statutory definition. Accordingly, Larson may not sue the Individual Defendants for age discrimination.

     For the foregoing reasons, we grant the motion and dismiss this matter with respect to the Individual Defendants, without prejudice. It is so ordered.